UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARMEN CANALES,                          :
                                         :
               Plaintiff,                :
                                         :
        v.                               :          No. 3:09cv253 (MRK)
                                         :
SCHICK MANUFACTURING, INC.,              :
                                         :
               Defendant.                :

**MEMORANDUM OF DECISION**

Plaintiff Carmen Canales brought suit against Defendant Schick Manufacturing, Inc.

("Schick") on February 9, 2009. Her Second Amended Complaint [doc. # 24] states two counts:

(1) pregnancy discrimination in violation of the federal Pregnancy Discrimination Act, 42 U.S.C.

§ 2000e(k); and (2) pregnancy discrimination in violation of the Connecticut Fair Employment

Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60. Pending before the Court is Schick's

Renewed Motion for Summary Judgment [doc. # 65], in which Schick argues that Ms. Canales

cannot state the first element of a *prima facie* case and that there are no genuine disputes of

material fact. For reasons discussed below, the Motion is DENIED.

I.

Title VII prohibits discrimination against any individual on the basis of sex, 42 U.S.C.

§ 2000e-2(a)(1), and further provides that "women affected by pregnancy, childbirth, or related

medical conditions shall be treated the same for all employment-related purposes . . . as other

persons not so affected but similar in their ability or inability to work." 42 U.S.C. § 2000e(k) (a

subsection also known as the "Pregnancy Discrimination Act" ("PDA")). Like other claims of

employment discrimination, claims under the PDA that cannot be directly proven are analyzed under the three-step burden shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See Wills-Hingos v. Raymond Corp.*, 104 Fed. App'x 773, 774-75 (2d Cir. 2004). Ms. Canales must first establish a *prima facie* case of pregnancy discrimination, by showing that "(1) she is a member of a protected class; (2) she satisfactorily performed the duties required by the position; (3) she was discharged; and (4) [either] her position remained open and was ultimately filled by a non-pregnant employee . . . [or] the discharge occurred in circumstances giving rise to an inference of unlawful discrimination." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 401 (2d Cir. 1998) (internal citations and quotation marks omitted).

Pregnancy discrimination claims under CFEPA are analyzed similarly to claims under Title VII. *See Rathbone v. CVS Pharm.*, No. 3:03CV1478 (DJS), 2006 WL 1359191, at *4 n.1 (D. Conn. May 12, 2006) (citing *Levy v. Comm'n of Human Rights & Opportunities*, 236 Conn. 96, 103 (1996)).

II.

Schick argues that plaintiff cannot meet the first element of a *prima facie* case—that she was a member of a protected class—because although Ms. Canales was terminated while on maternity leave, she had already given birth to her child. Because she was not pregnant, Schick argues, Ms. Canales cannot bring suit under the PDA. At oral argument, Schick's counsel admitted that she had no case in the Second Circuit that stood for this proposition.

The PDA applies to "women affected by pregnancy, childbirth, or related medical conditions," 42 U.S.C. § 2000e(k)—not just to women who *are* pregnant. "Certainly, women who are pregnant at or very near the time of the adverse employment action are members of the

protected class, *as are women who are on maternity leave* or recently have returned to work from maternity leave when the employment action occurs." *Helmes v. South Colonie Cent. Sch. Dist.*, 564 F. Supp. 2d 137, 147 (N.D.N.Y. 2008) (emphasis added) (finding that the plaintiff, who was denied tenure nine weeks after she returned from maternity leave, "was still 'affected by pregnancy' when she suffered the adverse employment action"); *see also Briggs v. Women in Need, Inc.*, No. 10-CV-2265 (RRM) (JO), 2011 WL 3794157, at *6 (E.D.N.Y. Aug. 24, 2011) ("The time at which the plaintiff ceases being 'affected by pregnancy, childbirth, or related medical conditions' depends on the facts and circumstances of the particular case."); *Leichter v. St. Vincent's Hosp. & Med. Ctr. of New York*, No. 94 Civ. 7537 (DAB), 2001 WL 1160748, at *6 (S.D.N.Y. Sept. 28, 2001) ("As the PDA makes clear, a plaintiff need not be pregnant at the time she suffered a discriminatory employment decision."); *Gaugaiz v. Laboratoires Esthederm USA, Inc.*, No. 98 Civ. 4465 (LMN), 2000 WL 1528212, at *5 (S.D.N.Y. Oct. 16, 2000) ("Although [the plaintiff] was not pregnant at the time of her termination, the statute does not require pregnancy to be a member of the protected class."); *Shafrir v. Ass'n of Reform Zionists of Am.*, 998 F. Supp. 355, 363 (S.D.N.Y. 1998) ("Even though plaintiff was neither pregnant nor ill at the time she was discharged, she had recently given birth and was on maternity leave. Because she claims she was discharged because of childbirth, the PDA is properly invoked.").[1]

---

[1] Aside from the fact that the majority of cases Schick cites in support of its argument are from other jurisdictions, they are distinguishable. The decision to terminate Ms. Canales occurred in November 2007, approximately a month after Ms. Canales had given birth and while she was still on maternity leave. *See* Def.'s Mem. [doc. # 32] at 22. In *Keller v. Great Lakes Collection Bureau, Inc.*, No. 02-CV-0719C(F), 2005 WL 2406002 (W.D.N.Y. Sept. 29, 2005), from which Schick quotes extensively, the plaintiff had not been pregnant for over *two years* at the time of her discharge, *id.* at *4. Schick's other citations are equally unconvincing. *See Sura v. Stearns Bank, N.A.*, No. Civ. 01-1344 PAMRLE, 2002 WL 31898167, at *6 (D. Minn. Dec. 18, 2002) (noting that, at the time of the adverse employment action, the child was three and a half months old and the plaintiff's maternity leave had ended); *Nance v. Buffalo's Cafe of Griffin, Inc.*, No. 1:03-CV-2887-WSD, 2005 Dist. LEXIS 20432, at *10, 45 (N.D. Ga. Feb 7, 2005) (finding that

As a plaintiff's burden in establishing a *prima facie* case of pregnancy discrimination is *de minimis*, *see Kerzer*, 156 F.3d at 401, under the law of this Circuit Ms. Canales has established the first element of a *prima facie* case. The question, then, is whether summary judgment is proper at this juncture.

### III.

This Court applies a familiar standard when resolving a motion for summary judgment. Summary judgment is appropriate only when the "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" submitted to the Court "show[ ] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(1)(A); Fed. R. Civ. P. 56(a). A "material fact" is one whose resolution will affect the ultimate determination of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" when the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *See id.*; *see also Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006). The moving party bears the burden of demonstrating that no genuine issue exists as to any material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986), and the Court must resolve all ambiguities and draw all inferences in favor of the nonmoving party, *see Anderson*, 477 U.S. at 255; *DeFabio v. E. Hampton Union Free Sch. Dist.*, 623 F.3d 71, 74 (2d Cir. 2010) (per curiam).

---

the adverse employment action occurred when the child was almost two months old, that the plaintiff's maternity leave was supposed to have ended, and that the parties' dispute centered on plaintiff's circumstances as a new parent, not on her pregnancy or childbirth) (recommended ruling of magistrate judge), *rev'd on other grounds*, 2005 WL 2148548 (N.D. Ga. Mar. 30, 2005).

There are numerous genuine issues of material fact that a reasonable jury might decide in Ms. Canales's favor. Briefly, these include:

1. Whether Kevin Comeau, Ms. Canales's indirect supervisor, made remarks that constitute direct evidence of discrimination, *see Koppenal v. Nepera, Inc.*, 74 F. Supp. 2d 409, 414 (S.D.N.Y. 1999) ("Where offensive remarks are combined with other evidence of discriminatory intent, courts are reluctant to grant summary judgment for the defendant.");

2. Whether Ms. Canales states the fourth element of a *prima facie* case, as her pre-merger position was not identical to the post-merger position for which she was considered, *see Quaratino v. Tiffany & Co.*, 71 F.3d 58, 65 (2d Cir. 1995) (finding that whether a former position remained open or had been altered is a question of fact for the jury);

3. Whether Mr. Comeau acted in a discriminatory manner and introduced discriminatory bias into the November 2007 merger meeting, *see Jamieson v. Poughkeepsie City Sch. Dist.*, 195 F. Supp. 2d 457, 474 (S.D.N.Y. 2002) ("[T]he impermissible bias of a single individual can infect the entire group of collective decision-makers . . . . even if [the individual] did not use [discriminatory] animus to convince her fellow Board members to oust plaintiff.");

4. Whether John Stardellis, Ms. Canales's direct supervisor, acted in a discriminatory manner and introduced discriminatory bias into the November 2007 merger meeting, *see id.*;

5. Whether, of the three applicants for the two post-merger positions, Ms. Canales was the least qualified, *see DeMarco v. Stony Brook Clinical Practice Mgmt*, 348 Fed. Appx.

651, 653 (2d Cir. 2009) (finding that whether plaintiff was qualified for a position to be a question of fact for the jury); and

6. Whether Schick's legitimate business reason for its decision to terminate Ms. Canales's employment was pretextual, *see Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 125-26 & n.17 (2d Cir. 2004) ("[E]ven absent evidence of illegitimate bias on the part of the ultimate decision maker," the impermissible bias of an individual may "taint the ultimate employment decision" if that biased individual's recommendations or actions proximately lead to the ultimate decision.).

Based on the evidence in the record, a reasonable jury could resolve these questions in Ms. Canales's favor. As a result, Schick has not met its burden, and summary judgment is inappropriate. *See Celotex Corp.*, 477 U.S. at 323-25.

## IV.

As Ms. Canales has stated the first element of a *prima facie* case, and as there are genuine disputes as to material facts, *see* Fed. R. Civ. P. 56(a), the Court DENIES Schick's Renewed Motion for Summary Judgment [doc. # 65].

**IT IS SO ORDERED.**

/s/     Mark R. Kravitz_____
        United States District Judge

Dated at New Haven, Connecticut: **September 15, 2011.**