UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARMEN CANALES,                    :
                                   :
            Plaintiff,             :
                                   :
    v.                             :            No. 3:09cv253 (MRK)
                                   :
SCHICK MANUFACTURING, INC.,        :
                                   :
            Defendant.             :

**RULING AND ORDER**

Plaintiff Carmen Canales and Defendant Schick Manufacturing, Inc. ("Schick") dispute the admissibility of four pieces of evidence: (1) one page of unsigned, undated, handwritten notes allegedly written by Sandy Sheldon during a meeting to assess the performance of Ms. Canales and Cheryl Amicone, *see* Def.'s Ex. 517; (2) a September 27, 2007 e-mail from Brett Meltzer to John Stardellis, Ms. Canales's supervisor, regarding Ms. Canales's performance, *see* Def.'s Ex. 518; (3) one page of unsigned, undated, handwritten notes allegedly written by Sandy Sheldon, *see* Def.'s Ex. 540; and (4) two pages of unsigned, handwritten notes allegedly written by Elizabeth McAuliffe during a reorganization committee meeting, *see* Def.'s Ex. 544.

Schick claims that all of the above evidence is admissible as business records under Rule 803(6) of the *Federal Rules of Evidence*, as present sense impressions under Rule 803(1) of the *Federal Rules of Evidence*, and for their effect on the listener(s) to demonstrate their motivation in the decision-making process that resulted in Ms. Canales's termination. Ms. Canales argues that this evidence should be excluded as it is inadmissible hearsay not falling within any exception and its potential to create unfair prejudice, confusion, and delay substantially outweighs any potential probative value.

1

The parties agree that the Second Circuit has interpreted the business records exception "most liberally." *Smith v. Bear*, 237 F.2d 79, 89 (2d Cir. 1956); *see also In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288 DLC, 2005 WL 375313, at *6 (S.D.N.Y. Feb. 17, 2005) ("The Second Circuit has taken a generous view of the business records exception, construing it to favor the admission of evidence if it has nay probative value at all." (quotation marks omitted)).

Given this liberal standard, the Court finds that all of the evidence is admissible as business records under Rule 803(6) of the *Federal Rules of Evidence*, provided that Schick lays a proper foundation. Although Ms. Canales argues that the merger was not a regular occurrence, the Court finds that employee reviews and meetings to determine the effects of a merger are regularly conducted activities. There is some question as to whether the notes' creators were under a duty to make them, but the Court believes that there is sufficient evidence that the notes were made in furtherance of the employer's needs—and not for personal reasons—to infer that they were made pursuant to an obligation and to justify their admission. *See Penberg v. HealthBridge Mgmt.*, --- F. Supp. 2d ---, No. 08 CV 1534 (CLP), 2011 WL 4943526, at *17 (E.D.N.Y. Oct. 17, 2011) ("Courts have held that conventional . . . notes are admissible if they are regularly made in furtherance of the employer's needs and not for the personal purposes of the employee who made them." (quotation marks omitted)).

Schick must produce, by custodial testimony or by appropriate certification, evidence that these documents satisfy the various conditions of Rule 803(6), including that the record was made at or near the time by, or by information transmitted by, someone with knowledge; that the documents were kept in the course of a regularly conducted business activity; and that making the document was a regular practice of that activity. *See* Fed. R. Evid. 803(6). The Court notes that the parties have reserved foundation objections for trial.

2

As the Court finds that all of the contested evidence is admissible as business records, it need not address whether the evidence is also admissible under the hearsay exception for present sense impressions, *see* Fed. R. Evid. 803(1), or to demonstrate the effect on the listener(s).

After evaluating the evidence and the parties' arguments, the Court finds that its probative value is not substantially outweighed by a danger of unfair prejudice, confusion, or delay. *See* Fed. R. Evid. 403. However, the Court is willing to give the jury a cautionary instruction regarding this evidence should Ms. Canales so desire.


**IT IS SO ORDERED.**


_____/S/_____
Mark R. Kravitz
United States District Judge


Dated at New Haven, Connecticut: **January 18, 2012**.

3